IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01952-BNB

MICHAEL JIRON,

    Plaintiff,

v.

RAYMOND VALDEZ, et al.,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, Michael Jiron, initiated this action by filing *pro se* a letter (ECF No. 1) stating that he intends to file a civil suit in federal court based on violations of his civil rights. On August 27, 2013, Mr. Jiron filed a Complaint (ECF No. 9) and on August 28, 2013, he filed an amended Complaint (ECF No. 12). On September 3, 2013, Magistrate Judge Boyd N. Boland entered an order directing Mr. Jiron to file a second amended complaint that clarifies who he is suing, the specific claims he is asserting, the specific facts that support each asserted claim, against which Defendant or Defendants he is asserting each claim, and what each Defendant did that allegedly violated his rights. (*See* ECF No. 13.) Magistrate Judge Boland specifically determined that the amended Complaint did not comply with the District of Colorado local rules and the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. On September 26, 2013, Mr. Jiron filed a second amended complaint (ECF No. 20).

The Court must construe the second amended complaint liberally because Mr.

Jiron is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Therefore, the second amended complaint is held to standards less stringent than those governing a formal pleading drafted by lawyers.  *See id.*  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons discussed below, the action will be dismissed.

The Court has reviewed the second amended complaint and finds that the second amended complaint also fails to comply with the District of Colorado local rules and the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  With respect to the District of Colorado local rules, the Court finds that it still is not clear exactly whom Mr. Jiron intends to sue in this action.  Pursuant to Rule 10.1J. of the Local Rules of Practice of the United States District Court for the District of Colorado-Civil, "[p]arties shall be listed in a caption with one party per line.  The proper name of a party shall be in capital letters, and any identifying text shall be in upper and lower case immediately following the proper name."  The caption of the second amended complaint does not comply with this local rule.

With respect to Rule 8, the twin purposes of a pleading are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989); *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (stating that a complaint "must explain what each defendant did to him or her; when the defendant did

it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

The requirements of Rule 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Furthermore, the philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. As a result, prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Jiron asserts three claims for relief in the second amended complaint including a state law claim for slander and defamation and equal protection and due process claims pursuant to 42 U.S.C. § 1983. Although Mr. Jiron also indicates that he is asserting a claim of housing discrimination under state and federal law, he does not specifically assert such a claim in the second amended complaint. Despite the specific instructions Magistrate Judge Boland provided to Mr. Jiron, he still fails to provide a clear and concise statement of each claim and in a way that identifies the specific facts that support the claim, against which Defendant or Defendants the claim is asserted, and what each Defendant did that allegedly violated his rights. For example, Mr. Jiron's equal protection claim in the second amended complaint, in its entirety and without correction or alteration, is the following:

> Violation of the Federal and State constitutions and Federal laws. XI Equal Protection of Laws. XL Equal Protection of Laws, 209 constitutional guaranties in general. Colo. 1994. Equal Protection Gurantees under Federal and State Constitutions assure like treatment of all who are similiary situated. U.S.C.A. Const Amend. 14; West C.R.S.A. Const Art 2, § 25. If persons alleging disparate treatment are not similarly situated equal protection challenge to statute must fail. U.S.C.A. Const Amend. 14; West's C.R.S.A. Const Art 2, § 25-201.
>
> Civil Rights. 1 Rights Protected and Discrimination Prohibited (A) In General (B) Federal Remedies 1. In General 192. Nature and elements. Colo. 1994. In order to establish that he was deprived of right privilege or immunity secured by Federal constitution or federal laws by Person acting under color state law. 42 U.S.C.A. § 1983 – Moody v. Unserer, 885 P.2d 200.

(ECF No. 20 at 4.) Mr. Jiron's due process claim in the second amended complaint, in its entirety and without correction or alteration, is the following:

> Violation of Due Process
>
> II Definitions: Due Process of law "and law of the land" have the same meaning Lowrie 8 Colo 499 (1885). "Law of the land" By the Law of the Land" is clearly intended the general law; a law which hears before in condemns; which proceeds upon inquiry, and renders Judgment only after trial. The meaning is that every citizen shall hold his life, his liberty property and immunities under the Protection of the general rules which govern Society. In re Lowrie 8 Colo 499, 9 P 489 (1885). Such construction would render the gurunty mere nonsense for it would then mean no state shall deprive a persons life liberty, or property unless the state shall choose to do so. People ex rel Juhan v. District Court 165 Colo. 253, 439 P.2d 741 (1968).

(ECF No. 20 at 5.) Neither of these constitutional claims includes a short and plain statement of the claim being asserted showing that Mr. Jiron is entitled to relief. Mr. Jiron's state law slander and defamation claim similarly fails to comply with the pleading

requirements of Rule 8.

In addition to the second amended complaint, Mr. Jiron has filed a number of motions and other documents that may be relevant to the claims he wishes to pursue in this action.  (*See* ECF Nos. 14-19 & 21.)  However, even construing these documents liberally and considering them in connection with the second amended complaint, Mr. Jiron still fails to provide a short and plain statement of his claims as required under Rule 8.  Therefore, the action will be dismissed for failure to file an amended pleading that complies with Rule 8 as directed.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the complaint, the amended complaint, the second amended complaint, and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Plaintiff has failed to file a pleading that complies with the pleading requirements of the Federal Rules of Civil Procedure.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.  It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this   9th   day of    October        , 2013.

BY THE COURT:

   s/Christine M. Arguello
CHRISTINE M. ARGUELLO
United States District Judge, for
LEWIS T. BABCOCK, Senior Judge
United States District Court